*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★           ★ ★ ★

# MEMORANDUM OPINION

No. 04-06-00551-CV

**CITY OF SEGUIN, TEXAS**,
Appellant

v.

Robert L. **WORTH**, Jr., et al.,
Appellees

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 06-0897-CV
Honorable Gary L. Steel, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:         Catherine Stone, Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed: July 23, 2008

REVERSED AND DISMISSED

The City of Seguin, Texas appeals the trial court's order granting a temporary injunction that

enjoins the City from enforcing the annexation of certain property until the parties have arbitrated

their dispute pursuant to section 43.052(i) of the Texas Local Government Code ("Code"). In light

of the Texas Supreme Court's decision in *City of Rockwall v. Hughes*, 246 S.W.3d 621 (Tex. 2008),

we reverse the trial court's order and dismiss the underlying lawsuit.

## BACKGROUND

In January of 2006, the City held a hearing relating to the annexation of four areas of land each of which contained less than 100 tracts but which were in the same geographic area and shared common boundaries. After additional notices and hearings, an annexation ordinance relating to the four areas of land was first read on April 18, 2006. On April 26, 2006, Robert L. Worth, Jr. filed a petition for arbitration with the City Secretary seeking arbitration if the City refused to place the area in which he owned property ("Area 1") in a three year annexation plan. Worth asserted that the City was attempting to circumvent section 43.052 by annexing the property without having it subject to a three year annexation plan.[1] On May 2, 2006, the City rejected Worth's petition finding that Worth's allegations were groundless and without merit. The same day, the City enacted the ordinance that would annex Area 1 effective June 1, 2006.

On May 19, 2006, Worth and the other appellees filed a petition in district court seeking declaratory and injunctive relief. Although the petition sought a declaration that the City was attempting to circumvent section 43.052 of the Code by refusing to include Area 1 in a three-year plan, the petition also sought a declaration that the appellees were entitled to arbitrate their dispute and to enjoin further enforcement of the annexation ordinance until after arbitration.

---

[1] Section 43.052(i) of the Code provides:

A municipality may not circumvent the requirements of this section by proposing to separately annex two or more areas described by Subsection (h)(1) if no reason exists under generally accepted municipal planning principles and practices for separately annexing the areas. If a municipality proposes to separately annex areas in violation of this section, a person residing or owning land in the area may petition the municipality to include the area in the municipality's annexation plan. If the municipality fails to take action on the petition, the petitioner may request arbitration of the dispute. The petitioner must request the appointment of an arbitrator in writing to the municipality. Sections 43.0564(b), (c), and (e) apply to the appointment of an arbitrator and the conduct of an arbitration proceeding under this subsection. Except as provided by this subsection, the municipality shall pay the cost of arbitration. If the arbitrator finds that the petitioner's request for arbitration was groundless or requested in bad faith or for the purposes of harassment, the arbitrator shall require the petitioner to pay the costs of arbitration.

Tex. Loc. Gov't Code Ann. § 43.052(i) (Vernon 2008).

The City filed a plea to the jurisdiction asserting that the appellees were not challenging the City's authority to annex the land but only procedural requirements; therefore, the only proper means to challenge the annexation was in a quo warranto proceeding. The appellees responded that section 43.052(i) is a specific legislative authorization; therefore, the appellees had standing to seek injunctive relief to compel the City to engage in arbitration. At the hearing on the City's plea and the temporary injunction, the appellees clarified that the relief they were seeking was for the trial court to compel arbitration.[2] The trial court denied the plea to the jurisdiction and granted a temporary injunction that: (1) allowed the City to annex the property; (2) enjoined the City and the appellees from enforcing or proceeding on any right, privilege or benefit that might arise as a result of annexation until the parties engaged in arbitration; and (3) left the issue of whether the annexation was proper for the arbitrator to decide.

## DISCUSSION

Recognizing that issues similar to those raised in this appeal were pending before the Texas Supreme Court and that the Texas Supreme Court's decision would likely impact our disposition of this appeal, we abated this appeal on October 31, 2006. After the Texas Supreme Court issued its opinion in *City of Rockwall v. Hughes*, 246 S.W.3d 621 (Tex. 2008), we reinstated the appeal and permitted the parties to file supplemental briefs addressing the Texas Supreme Court's decision. Although the City filed a supplemental brief arguing the decision in *Hughes* is controlling, the appellees did not file a supplemental brief.

---

[2]The appellees' attorney stated, "So we believe and the evidence shows that the City circumvented this three-year process and separately annexed two or more areas in order to avoid that three-year plan. We're not asking to void the annexation. We're simply asking that we be allowed to arbitrate this issue in front of an arbitrator as provided in the local government code." The attorney later clarified, "We're asking the Court that we are entitled to arbitration and that this case ought to be sent to arbitration. That was part of our request for declaratory relief. We were never requesting that this Court hold that they have violated the H-1 exception."

In *Hughes*, the Texas Supreme Court initially noted that "unless an annexation is wholly void or the Legislature has expressly granted a private right to challenge the annexation in some manner, a quo warranto proceeding brought by the State is the only proper means of attacking a municipality's annexation in court." 246 S.W.3d at 627. In *Hughes*, as in the instant case, the appellee did not argue that the annexation proceeding was void but argued that the Legislature granted landowners a private right to arbitration by enacting section 43.052(i). *Id*. The Texas Supreme Court, however, rejected this argument, holding that section 43.052(i) "does not create a substantive private right for a landowner to compel arbitration if a municipality takes action on the landowner's petition by denying it . . . ." *Id*. at 631. Here, the City denied the appellees' petition; therefore, the appellees do not have a private right to challenge the annexation, and they lack standing to pursue the underlying lawsuit. *See id*.

## CONCLUSION

The trial court's order is reversed and the underlying cause is dismissed.


Sandee Bryan Marion, Justice